[Crim. Nos. 11458, 11459. Fourth Dist., Div. One. Nov. 21, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL WILLIAM WHITEHOUSE, Defendant and Appellant.

480

## COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Jeffrey J. Stuetz, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Robert M. Foster and Jesus Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WORK, J.**—This appeal poses as its major question: where two enhancements arising from the same offense are alleged and proved, may the sentencing court impose only the higher consecutive to the base term and, in addition, aggravate the base term by utilizing the facts underlying the nonimposed true finding? We conclude such a procedure is proper where facts used to aggravate are not necessarily included in the imposed enhancement.

### FACTUAL BACKGROUND

Michael Whitehouse was charged in three informations with unrelated offenses: One charging nine counts of forgery; another, arson of an automobile; and a third, attempted murder (count I), assault with a deadly weapon upon a police officer investigating the forgeries (count II), assault with a deadly weapon (count III) and being an ex-felon in possession of a concealable firearm (count IV). It was alleged he personally used a firearm within the meaning of Penal Code[1] sections 1203.06, subdivision (a)(1)(i), and 12022.5 (counts I, II, III), and inflicted great bodily injury within the meaning of section 12022.7 (counts I, II). Two prior felony convictions were also alleged.

---

[1]All section references hereinafter are to the Penal Code unless otherwise indicated; all rules are California Rules of Court.

Plea bargaining resulted in dismissal of all but one count of forgery and an assault with a deadly weapon upon a police officer (§ 245, subd. (b).) Whitehouse admitted he personally used a firearm to commit the assault and to inflict great bodily injury on the victim.

Whitehouse was sentenced to prison. Relying solely on the personal use of a firearm the sentencing court chose the upper base term of five years for assault, then imposed an additional three-year enhancement for the infliction of great bodily injury,[2] and imposed an additional consecutive subordinate term of eight months for the forgery (one third of the middle term).

Whitehouse seeks remand for resentencing contending: (1) the sentencing court unlawfully used the facts of his section 12022.5 enhancement (use of firearm) to impose the upper term for the section 245, subdivision (b), assault; (2) it used an element of the crime (use of a firearm) to impose the upper term; (3) it used the dismissed arson charge to aggravate the assault violation; and (4) it failed to state its reasons for imposing the consecutive forgery sentence.

### THE PERSONAL USE OF FIREARM WAS PROPERLY USED TO AGGRAVATE THE BASE TERM

■ Whitehouse claims the fact he personally used a firearm is inextricably included within the section 12022.5 enhancement. Once found to be true, he argues, the enhancement must be imposed,[3] sentence

---

[2]Although no express disposition was made of the section 12022.5 use of the firearm, the sentencing court included in its general discussion of factors in aggravation:

"[I]t is the judgment of the Court that there are circumstances in aggravation, particularly the use of the firearm, [the court imposes] the sentence of a period of five years [in] state prison. That prison term will be enhanced by the Court's true finding of defendant's violation of Penal Code Section 12022.7, that is, the victim suffered great bodily injury."

[3]"When the court imposes a prison sentence for a felony pursuant to Section 1170 the court *shall* also impose the additional terms provided in Sections...12022.5...and 12022.7, *unless* the additional punishment therefore is stricken pursuant to subdivision (g)." (§ 1170.1, subd. (c).) (Italics added.)

"Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements...if it determines that there are circumstances in mitigation of the additional punishment...." (§ 1170.1, subd. (g).)

stayed,[4] and the court prohibited from using its underlying facts (gun use) to aggravate his base term.[5]

Here the court did not impose the section 12022.5 enhancement, choosing instead to use the underlying fact of gun use to aggravate the base term. Gun use is a relevant fact for which an upper base term may be imposed even though it is also charged or chargeable as an enhancement (rule 421(a)(2)), and even after it is found to be true so long as the additional term of imprisonment is not imposed. (Rule 441(b).)[6]

After setting the aggravated base term it then imposed a consecutive three-year term for the section 12022.7 enhancement, avoiding the dual enhancement prohibition of section 1170.1, subdivision (d).

Since the court did not impose sentence (stayed or otherwise) on the section 12022.5 allegation it did not violate the prohibitions of section 1170, subdivision (b), or rule 441(c). By not imposing the additional sentence term for section 12022.5 the court effectively struck it as permitted by rule 441(b).

Whitehouse's reliance on rule 447 is also misplaced. Although rule 447 may prevent striking an enhancement which cannot be imposed be-

---

[4]"When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply...." (§ 1170.1, subd. (d).)

"No allegation or finding of a fact giving rise to an enhancement shall be stricken or dismissed because imposition of the additional term therefor is prohibited by section 1170.1(a) or 1170.1(d).... The sentencing judge shall impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions...and shall thereupon stay execution of so much of the term as is prohibited.... The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed." (Rule 447.)

[5]"The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section...12022.5, 12022.6 or 12022.7." (§1170, subd. (b).)

"A fact used to enhance the defendant's prison sentence may not be used to impose the upper term." (Rule 441(c).)

[6]"A fact charged and found as an enhancement may be used to impose the upper term, whereupon the additional term of imprisonment prescribed for that fact as an enhancement shall be stricken. The use of the fact to impose the upper term is an adequate reason for striking the additional term of imprisonment." (Rule 441(b).)

"Circumstances in aggravation include:

" . . . . . . . . . . . .

"(2) The defendant...used a weapon at the time of the commission of the crime, whether or not charged or chargeable as an enhancement...." (Rule 421(a)(2).)

cause of restrictions in section 1170.1, subdivision (a), or in section 1170.1, subdivision (d), it does *not* prohibit striking an enhancement where expressly permitted. Here, once the facts underlying the section 12022.5 allegation were used to aggravate the base term it is the prohibition in rule 441(b) which prevents its use to enhance and expressly permits it to be stricken.

We distinguish between facts used to enhance and those used to aggravate. An "enhancement" is an additional term of imprisonment added to the base term. (Rule 405(c).) The "base term" is that selected from among the three possible terms prescribed by statute, here two, three or five years. (Rule 405(b).)

Section 1170.1 confines itself to instances where terms of imprisonment may be added consecutively to a base term. It does not purport to affect rules relating to the setting of a base term.

Section 1170.1, subdivision (d), will prevent stacking of terms consecutive to the base where two enhancements arise out of a single offense even though the facts of one may be independent of the other. Assume for instance a defendant, armed with a firearm which remains concealed at all times, causes great bodily injury by boot-stomping his victim. Under section 1170.1, subdivision (d), both the sections 12022 and 12022.7 enhancements could be found, but only one additional term added to the base. There is no reason, however, to disregard facts which only coincidentally underlie the nonimposed enhancement for purposes of setting the base term. Such a use does not result in proscribed stacking of terms additional to the base. Therefore, since the gun use is not a fact necessarily included in the imposed section 12022.7 enhancement, the trial court properly used it as a factor in aggravation.

### THE COURT RELIED ON THE PERSONAL USE OF A FIREARM TO IMPOSE THE UPPER TERM

"A fact which is an element of the crime may not be used to impose the upper term." (Rule 441(d).)

■ Whitehouse wrongly contends use of a firearm is an element of section 245, subdivision (b),—assault.

The elements of a section 245, subdivision (b), offense are: (1) an attempt to commit a violent injury upon the person of another, (2)

coupled with present ability, and (3) the use of a deadly weapon. (*People* v. *Birch* (1969) 3 Cal.App.3d 167 [83 Cal.Rptr. 98].)

A myriad of instruments, other than firearms, fit into the category of deadly weapon, and may fulfill the third element of section 245, subdivision (b),—assault. A combined reading of rule 421(a)(2), and section 12022.5 (use of a firearm in commission of a felony or attempt; additional punishment) evidences the legislative intent that use of a firearm should not be deemed an element of assault with a deadly weapon under section 245. (See also *People* v. *Orr* (1974) 43 Cal.App.3d 666, 672 [117 Cal.Rptr. 738], it is the manner of use which determines whether an instrument is a deadly weapon.)

### The Court Did Not Use the Dismissed Arson Count to Aggravate the Assault Term.

Whitehouse relies on specific language by the sentencing court: "And I may say the manner in which he [Whitehouse] reacted to the family problems leaves some doubt as to his ability to control himself, setting fire to his wife's car—or wife's boy friend's car or whatever. Although that charge was dropped in connection with the plea in this case, there wasn't much question but that it happened."

In context the court's comment is nothing more than a rejection of Whitehouse's assertion his marital problems should be deemed a mitigating circumstance. No mention of it was made while the court discussed matters in aggravation. There is no *Harvey* error. (*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].)

### The Court Failed to State Specific Reasons for Imposing the Consecutive Sentence.

We agree the court erred in failing to state its reasons for imposing a consecutive sentence for the forgery charge. In this regard the court stated, somewhat irreverently: "So probation having been denied, I'm not going to sit and give all the rules. If the Judicial Council wants him back for sentencing for me to quote, I'll save page 15 of the probation report, and I'll recite them for whoever wants them recited; but I am not going to do it this morning."

Mere reference to the probation report by page or in whole does not satisfy the requirements of section 1170 and rule 443. (*People* v. *Davis*

(1980) 103 Cal.App.3d 270, 280 [163 Cal.Rptr. 22]; *People* v. *Turner* (1978) 87 Cal.App.3d 244, 245 [150 Cal.Rptr. 807].) Reasons for imposing consecutive terms, as well as aggravating base terms, must be expressly stated. Absent such statement a sentence cannot properly be reviewed, nor can the objective of uniformity under the determinate sentencing law be achieved. (*People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].)

Notwithstanding such laudatory purpose and necessity for review, however, the prosecution cites *People* v. *Blessing* (1979) 94 Cal.App.3d 835 [155 Cal.Rptr. 780], for the proposition failure to enunciate reasons does not always constitute reversible error. In *Blessing*, however, the record showed a total absence of mitigating circumstances. Moreover, in *Blessing*, defendant met each criterion in rule 425; the ability of the appellate court to review the decision was, therefore, not impaired. The same is not true here.

The matter is remanded for resentencing on the forgery count. In all other particulars the judgment is affirmed.

Lord, J.,* concurred.

**WEINER, Acting P. J.,** Concurring and Dissenting.—I cannot quarrel with the logic used by the majority in resolving the major question in the sentencing puzzle created by the facts of this case. Unfortunately, logic and reason are only of limited value in this area. When the text of the relevant provisions of the statutes and rules are examined I believe there is another reasonable interpretation more favorable to the defendant, and since that interpretation must be adopted (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553]), I conclude the use of a firearm, under section 12022.5, may not be used to aggravate the base term imposed for the assault with a deadly weapon (§ 245, subd. (b)).

Defendant draws the following scenario from the determinate sentencing law (DSL) and the Sentencing Rules For The Superior Court.

After he was convicted of section 245, subdivision (b), with section 12022.5 and section 12022.7 enhancements, section 1170.1, subdivision (d) governed his sentencing. That provision requires the imposition of the greatest enhancement unless stricken for circumstances in mitigation under section 1170.1, subdivision (g). Consequently, the court had

*Assigned by the Chairperson of the Judicial Council.

to impose an additional three years for the infliction of great bodily injury. Once having used the section 12022.7 enhancement the mandate of section 1170.1, subdivision (d) precluded the use of any lesser enhancement which, however, *must still be imposed*, but stayed until the complete service of the sentence not stayed. (Rule 447; *People v. Niles* (1964) 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11].) Accordingly, since the section 12022.5 enhancement was imposed the fact of that enhancement could not be used to aggravate for to do so violates section 1170, subdivision (b) which prohibits the imposition of an upper term under such circumstances. "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section...12022.5...or 12022.7." (§ 1170, subd. (b).)

In prohibiting the use of multiple enhancements for a single offense under section 1170.1, subdivision (d) it appears the Legislature has incorporated into DSL the concept of necessarily and lesser included enhancements where use of the firearm causes great bodily injury.

The statutory scheme reflects increasingly severe punishment depending on how the firearm is used. Where a defendant is found to be armed with a firearm his sentence is increased by one year; where he personally uses the firearm in a felony his sentence is increased by two years; and where he uses the firearm to cause great bodily injury his sentence is increased by three years. In mandating application of the greatest enhancement (§ 1170.1, subd. (d)) without any reference to the use of the lesser enhancement for aggravation, the Legislature, consistent with the rationale underlying section 654, reflected its intent that a defendant should not be punished separately for use of a weapon where that weapon is also the cause of the great bodily injury. In light of the specificity of the various provisions of DSL, and those circumstances where two enhancements may be used, it appears reasonable the Legislature, had it intended to do so, would have made express provision for this contingency.

For example, in section 1170.1, subdivision (d) the Legislature made specific provision for those crimes which would permit use of two enhancements. If, as in the case here, a section 12022.5 enhancement may be used to aggravate, the express authorization in section 1170.1, subdivision (d) for dual use of enhancements becomes superfluous. I do not believe the Legislature intended the enactment of section 1170.1, subdivision (d) with its reference to specific felonies to be irrelevant. (See *People v. Harvey* (1979) 25 Cal.3d 754, 760-761 [159 Cal.Rptr. 696,

602 P.2d 396]; *People* v. *Davis* (1980) 103 Cal.App.3d 270, 278 [163 Cal.Rptr. 22].) But, now by what appears to be the majority's preference, the limitation in section 1170.1, subdivision (d) on the use of dual enhancements has been erased. Thus, another anomalous, and perhaps confusing twist to the new math of sentencing has been given to the sentencing judge.

This court's opinion tells the sentencing court to remember it may *not* increase, *enhance*, a prison term for one year because of possession of a gun (§ 12022) where the gun is used to cause great bodily injury (§ 12022.7) and the section 12022 allegation is pleaded and proved, for enhancements may not be stacked to increase punishment. However, where the sentencing court labels the fact of possession of the firearm differently and calls it a "circumstance in aggravation," it may then be used to *increase*, but *not enhance*, the punishment. The sentencing court must also remember it should remain silent when it wishes to strike the lesser enhancement when used to aggravate for then the appellate court can say the lesser enhancement was "effectively" stricken for if the sentencing court expressly strikes the lesser enhancement it must determine there are circumstances in mitigation (§ 1170.1, subd. (g)).

The semantics of sentencing are hard enough without adding this additional burden.

Although the question here of legislative interpretation may once again be "close and subtle" (*People* v. *Harvey, supra,* 25 Cal.3d at p. 761) the requirement that a defendant receive the benefit of every reasonable doubt, including the meaning of a statute, causes me to respectfully dissent from the conclusion reached by the majority on this issue. I concur, however, in the balance of the opinion.

A petition for a rehearing was denied December 8, 1980, and appellant's petition for a hearing by the Supreme Court was denied January 22, 1981. Mosk, J., was of the opinion that the petition should be granted.