[Crim. No. 13162. Fourth Dist., Div. One. Jan. 20, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
RUBEN MORENO, Defendant and Appellant.

**COUNSEL**

David Jon Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, and Harley D. Mayfield, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**WIENER, J.**—Ruben Moreno appeals from a judgment of conviction of assault with a weapon or with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)),[1] contending sentencing error requires either a reversal of the sentence for further proceedings or a modification of the judgment. We have concluded his arguments, with one exception, are without merit. The one error committed by the trial court, however, did not prejudice Moreno, and we accordingly affirm the judgment.

*Factual and Procedural Background*

There is no evidentiary record at the superior court because of Moreno's guilty plea. The following is taken from the probation report: "On September 25, 1980, at approximately 6:15 p.m., the defendant and a companion went to the apartment home of Robert French with the intention of committing a burglary. The defendant's companion went into the home and the home owner returned. The companion exited through the back door. The defendant who was waiting out in front became alarmed about his companion and went to the front door. He could see that his friend was not in sight and told the home owner that he was looking for the manager's apartment. The home owner offered to escort him there and asked his name. He was given a false name. He continued to follow the defendant who took a knife out of his pocket and opened the blade stating, 'You better watch it, I got a knife.' The victim felt it necessary to jump back to avoid the knife. The victim states that the defendant then put the knife away and walked away from him getting in a Volkswagen and driving off. The victim testified that he saw in the backseat of the Volkswagen a guitar belonging to him taken in the burglary."

Count one of the information charged Moreno with attempt to commit theft (§ 459) while personally using a dangerous or deadly weapon (knife) (§ 12022, subd. (b)), and count two with assaulting another with a deadly weapon and instrument, or by means of force likely to produce great bodily injury (§ 245, subd. (a)). A prior under section 667.5, subdivision (b) was also alleged. Moreno pleaded guilty to count two pursuant to a written plea bargain. All remaining charges and another case with priors were dismissed. At sentencing, Moreno's request for a commitment to the California Rehabilitation Center (CRC) was

---

[1] All statutory references are to the Penal Code unless otherwise specified.

rejected and he was sentenced to prison for the upper base term of four years.

*Discussion*

■ Moreno first says the court abused its discretion in not referring him to CRC.

Welfare and Institutions Code section 3051 provides in part: "Upon conviction of a defendant for any crime in any superior court, or following revocation of probation previously granted, and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section."

Whether criminal proceedings should be suspended under the statute is a matter left to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear abuse of that discretion. (*People* v. *Flores* (1979) 92 Cal.App.3d 461, 469 [154 Cal.Rptr. 851].) A determination that a defendant is not a fit candidate for CRC will not be upset where the decision is supported by the evidence. (*People* v. *Ellers* (1980) 108 Cal.App.3d 943, 956 [166 Cal.Rptr. 888].)

Here, the judge succinctly said: "I have considered the possibility of a commitment to CRC in this case. I considered it at length. There is an abundance of excessiveness of criminality in this case, and by reason of that, I find he is not a fit subject for commitment under Welfare and Institutions Code 3050 et seq." The probation report contains ample information to support that conclusion.

Moreno, now 35 years old, has a record of convictions of both state and federal crimes going back more than 15 years. It is not as if he were previously denied the opportunity of CRC treatment. He was sent there in four matters; released on parole on January 21, 1980; gave a positive test for morphine one week later, and absconded by January 31.

The trial court did not abuse its discretion in rejecting Moreno's request.

■ Moreno also asserts the court prejudicially erred in failing to excise two paragraphs in the probation report which referred to facts of the dismissed criminal case.

Facts relating to a separate, distinct crime cannot be used to aggravate an admitted offense. (*People* v. *Harvey* (1979) 25 Cal.3d 754, 757-759 [159 Cal.Rptr. 696, 602 P.2d 396].) Item 14 of the standard plea bargain form includes a *Harvey* waiver to allow the sentencing judge to "consider the defendant's prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations, when granting probation, ordering restitution or imposing sentence . . . ." Here, Moreno modified the written form by striking the words "the entire" and substituting "transactionally related" (see *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92-94 [151 Cal.Rptr. 511]) in order to bring his case within the unexpurgated version of *Harvey.* In responding to the motion to excise, the court said, "Thank you. I'm not going to order that [the paragraphs] excised. Let's proceed."

Whether the court even considered the material sought to be excised is unclear. The record reflects this conscientious judge meticulously accepted the change of plea and thoroughly reviewed the terms of the plea bargain with Moreno upon entering his guilty plea and at sentencing. When Moreno pleaded guilty the deputy district attorney explained the plea bargain contemplated the court's ability to consider the dismissed offense, a paraphernalia charge, if Moreno were to request a CRC commitment. Moreno expressly acknowledged his understanding of that fact. On that basis alone the court ruled correctly in refusing to grant the motion to excise. Further, on this record, there is no indication the court relied upon the dismissed charge in exercising its sentencing discretion. Finally, even if this ruling were erroneous it is harmless.

Moreno now for the first time claims he is entitled to withdraw his guilty plea because the court's sentencing was contrary to his plea bargain. He points to the written form which states: "DA agrees to dismiss remaining counts in CR 52190 & CR 52073 in its entirety. DA will strike all priors. *If deft excluded from CRC in any other matters* (DA #A23948, A28130, A30803, A32033) any custody to be concur-

rent. DA agrees that custody credits on CR 52073 be attributed to credit on CR 52190."

Directing us to the italicized portion of his bargain, he says the obvious intent of that bargain was to give him a hearing under Welfare and Institutions Code section 3051 for otherwise there would have been no need to have made reference to exclusion from CRC for other matters.

We are loath to debate whether Moreno's interpretation of the plea bargain is possible. Perhaps it is. But to suggest this is the only interpretation, where the agreement does not expressly so provide, where there is no reference to this interpretation at the trial court and this argument is raised only with the benefit of creative hindsight, is incorrect. We are satisfied the court correctly followed the terms of the bargain at sentencing.

■ Moreno contends the court improperly relied upon California Rules of Court, rule 421(a)(2) as a factor in aggravation in setting the base term. That rule provides being armed with or using a weapon in the commission of the crime is a circumstance in aggravation which may be considered by the trial judge in setting the base term. Moreno notes, however, that use of a deadly weapon is an element of the crime of which he was convicted (*People v. Whitehouse* (1980) 112 Cal.App.3d 479, 485 [169 Cal.Rptr. 199]) and that rule 441(d) prohibits the use of a fact which is an element of the crime to impose the upper term. The Attorney General relies on *People v. Whitehouse, supra,* 112 Cal.App. 3d 479. *Whitehouse* involved the imposition of the upper term for an assault with a deadly weapon conviction based on defendant's use of a firearm. In *Whitehouse*, the court noted section 12022.5 specifically allows for the imposition of a two-year enhancement for firearm use following a conviction for assault with a deadly weapon under section 245. From this, the court inferred a legislative intent that use of a *firearm* not be considered an element of assault with a deadly weapon. (*Id.,* at p. 485.) It accordingly concluded that violation of section 245 by use of a firearm justified imposition of the aggravated term.

Section 12022, subdivision (b) allows for the imposition of a one-year enhancement where the defendant used a deadly or dangerous weapon other than a firearm in the commission of the crime. In contrast to section 12022.5, section 12022 does not provide for imposition of the enhancement in cases of assault with a deadly weapon under section

245. Accordingly, the logic utilized by the *Whitehouse* court cannot give rise to the analogous conclusion that an aggravated term may be imposed for a section 245 conviction where defendant used a deadly weapon *other than a firearm.*

The Attorney General points to language in *Whitehouse* recognizing the "myriad of instruments ... [which] fit into the category of deadly weapon ..." and argues that since there are numerous objects which may be used to violate section 245, reference to any particular object (not being an essential element of the crime) provides sufficient basis for aggravation. Acceptance of this proposition, however, would effectively allow imposition of the aggravated term in every section 245 case.

The essence of "aggravation" relates to the effect of a particular fact in making the offense distinctively worse than the ordinary. The case before us involves an assault by means of a knife. We are not referred to any statement of legislative policy indicating that knives are distinctively worse than other types of weapons. In the absence of such a statement, use of a deadly weapon is an element of the crime and the fact that the defendant must pick one of several instruments does not change the result; defendant's use of a knife in this case satisfies an elemental requirement of the crime and, as such, cannot also be used to impose the aggravated term.

Although it was error to use rule 421(a)(2) in this case as a factor justifying imposition of the aggravated term, we conclude the error is harmless. The trial judge identified numerous other permissible aggravating factors including Moreno's lengthy criminal record and his dismal performance on probation. (See generally Cal. Rules of Court, rule 421(b).) It is therefore not reasonably probable that absent the error a different base term would have been selected. (See *People* v. *Dozier* (1979) 90 Cal.App.3d 174, 179 [153 Cal.Rptr. 53].)

*Disposition*

Judgment affirmed.

Cologne, Acting P. J., and Milkes, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.