Filed 2/27/24  P. v. Aparacio CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NOE APARACIO,<br><br>    Defendant and Appellant. | B326802<br><br>(Los Angeles County<br>Super. Ct. No. VA158353) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Deborah Cole-Hall, Judge.  Affirmed.

        Jason M. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Nicholas Webster and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Noe Aparacio challenges the trial court's decision to sentence him to the high term of four years in prison after a jury convicted him of one count of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1] A high-term sentence requires either an admission by the defendant or a finding by the jury of at least one aggravating circumstance. (§ 1170, subd. (b)(2).) In this case, the jury found true three factors in aggravation, but Aparacio argues they could not serve as the basis of a high-term sentence because all three factors duplicated the elements of assault with a deadly weapon. Aparacio acknowledges he failed to raise this issue at the time of his sentencing hearing but argues this was due to ineffective assistance of counsel.

We agree with Aparacio as to one of the three aggravating factors: the trial court could not impose a high-term sentence on the basis of the jury's finding that he "was armed with or used a weapon at the time of the commission of the crime" (Cal. Rules of Court, rule 4.421(a)(2)) because that circumstance is inherent in assault with a deadly weapon. The two remaining findings of aggravating circumstances, however, deal with the violence and cruelty of Aparacio's offense (*id.*, rule 4.421(a)(1)) and the danger he poses to society (*id.*, rule 4.421(b)(1)), and do not duplicate elements of assault with a deadly weapon. We conclude there is no reasonable possibility the inclusion of one improper aggravating factor (along with two proper aggravating factors) affected the trial court's choice of sentence. Because Aparacio cannot show that his attorney's failure to object to the inclusion

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

of the aggravating circumstance prejudiced him, his claim of ineffective assistance fails. We therefore affirm.

## FACTS AND PROCEEDINGS BELOW

In the afternoon of May 15, 2022, Ryan C., the manager of a fast-food restaurant in Downey, found Aparacio standing near the speaker where customers place orders at the restaurant's drive-thru. Ryan, who had been informed that Aparacio was harassing customers, approached Aparacio and asked him to leave. Aparacio responded, "fuck you." When Aparacio continued to refuse to leave, Ryan threatened to call the police, at which point Aparacio said, "You know what, I have a little surprise for you. . . . [I]t looks like it's your lucky day."

Aparacio reached into a nearby shopping cart that contained his possessions, pulled out a bottle of lighter fluid, and began squirting it over Ryan's body from his chest to his knee. Ryan said, "[P]lease leave or else I'm going to call the cops." Aparacio did not leave but went back behind his cart. Ryan heard a ripping sound, and Aparacio stepped out from behind the cart carrying a paper bag that he had lit on fire. Aparacio walked toward Ryan and threw the bag at him, but Ryan dodged out of the way. Ryan then rushed at Aparacio and tackled him to the ground. Ryan and another employee dragged Aparacio off the restaurant's property to the sidewalk, where they waited for police to arrive.

An information charged Aparacio with one count of attempted murder (§§ 187, subd. (a), 664), one count of assault with a deadly weapon (§ 245, subd. (a)(1)), and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). The prosecution alleged several aggravating factors as to all three counts, including that Aparacio was armed

3

with and used a weapon in the offense (Cal. Rules of Court, rule 4.421(a)(2)), that the crime involved the threat of great bodily harm and other acts disclosing a high degree of cruelty, viciousness, and callousness (*id.*, rule 4.421(a)(1)), and that Aparacio engaged in violent conduct indicating serious danger to society (*id.*, rule 4.421(b)(1)).[2]  A jury acquitted Aparicio of attempted murder but convicted him of the other two offenses and found all three aggravating circumstances true as to both counts.

The trial court imposed the high term of four years for assault with a deadly weapon,[3] explaining its choice of sentence as follows:

"You had a young man who was working, and . . . fortunately, the fire did not get to the victim and he didn't suffer any injury.  But what Mr. Aparacio did was very dangerous.  The jury did find the aggravating factors; that the offense involved violence, great bodily harm, and threat of great bodily harm, and other acts disclosing a high degree of cruelty, viciousness and callousness.  They also found that he was armed with and used a weapon, which would be the paper on fire which was thrown at the victim.  I think it is—I think the victim was very lucky [not to

---

[2] The prosecution alleged several additional aggravating factors related to Aparacio's prior criminal conduct and unsatisfactory performance on parole or probation but did not present those factors to the jury.

[3] The court vacated Aparacio's conviction of assault by means of force likely to cause great bodily injury on the ground that it represented a different statement of the same offense as assault with a deadly weapon.  (See *People v. Aguayo* (2022) 13 Cal.5th 974, 993.)

4

be injured] because you first doused him with some flammable fluid.  So Mr. Aparacio, after thinking about it, I do believe you are a danger.  I understand you're homeless, but that does not excuse or justify the way you were acting at that . . . restaurant."

## DISCUSSION

A trial court may not impose a high-term determinate sentence unless "there are circumstances in aggravation of the crime that justify the imposition of" such a term, "and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."[4]  (§ 1170, subd. (b)(2).)  As we noted above, the jury found true three aggravating factors, but Aparacio argues these are insufficient because "a circumstance that is an element of the substantive offense cannot be used as a factor in aggravation." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1261; accord, *People v. Scott* (1994) 9 Cal.4th 331, 350; Cal. Rules of Court, rule 4.420(h).)

Before we consider the merits of Aparacio's argument, we must address the People's contention that Aparacio forfeited the issue by failing to make a timely objection before the trial court. A defendant who does not object to the court's reliance on an improper factor in sentencing may not challenge the sentence on appeal.  (*People v. Scott*, *supra*, 9 Cal.4th at p. 353.)  This forfeiture rule applies to "cases in which the stated reasons

---

[4] The requirement of a jury finding or defendant's admission of the facts underlying an aggravating circumstance is the result of the Legislature's enactment of Senate Bill No. 567 in 2021.  (Stats. 2021, ch. 731, § 1.)  Aparacio's trial took place after this amendment became effective.

5

allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*Ibid.*)

Aparacio concedes that he failed to object to the use of the jury's aggravating-circumstance findings at trial, but he argues we should not deem the issue forfeited because his attorney's failure to object constituted ineffective assistance of counsel. "To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [104 S.Ct. 2052, 80 L.Ed.2d 674].) 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.' (*Id.* at p. 697.) It is not enough to establish prejudice for defendant to propose that counsel's performance had some 'conceivable effect' on the outcome; rather, defendant must show a reasonable probability of a *different* result but for counsel's errors. (*Id.* at pp. 693-694.) Prejudice must be a demonstrable reality established based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel. [Citations.]" (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778.)

We agree with Aparacio that one of the aggravating circumstances was duplicative of the elements of assault with a deadly weapon and thus could not justify a high-term sentence, but we disagree as to the two remaining aggravating circumstances. We need not decide whether Aparacio's trial

6

attorney was deficient for failing to object to the improper aggravating circumstance because Aparacio cannot demonstrate a reasonable probability of a different result if not for the alleged error.  There is no reason to believe the court would have imposed a lower sentence if Aparacio's attorney had made a timely objection.

A sentencing factor is an element of an offense "if the crime as defined by statute cannot be accomplished without performance of the acts which constitute such factor." (*People v. Burbine*, *supra*, 106 Cal.App.4th at p. 1262.)  Aparacio is correct, and the Attorney General concedes, that the finding that he "was armed with and used a weapon at the time of the commission of the . . . offense" duplicates one of the elements[5] of assault with a deadly weapon, which, as the name suggests, is defined as "an assault upon the person of another with a deadly weapon or instrument other than a firearm." (§ 245, subd. (a)(1).)  We

---

[5] The jury was instructed on the elements of assault with a deadly weapon as follows:  "1. The defendant did an act with a deadly weapon other than a firearm that by its nature would directly and probably result in the application of force to a person;

"2. The defendant did that act willfully;

"3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone;

"AND

"4. When the defendant acted, he had the present ability to apply force with a deadly weapon to a person."

Neither side takes issue with the correctness of this instruction.

disagree as to the two remaining aggravating circumstances, however. The jury found that Aparacio's "offense involved great violence, great bodily harm, threat of great bodily harm, and other acts disclosing a high degree of cruelty, viciousness, and callousness, within the meaning of California Rules of Court[, r]ule 4.42l(a)(1)," and that "the defendant engaged in violent conduct[,] to wit, attempted to set the victim on fire, in committing [assault with a deadly weapon] that indicates a serious danger to society, within the meaning of California Rules of Court[, r]ule 4.421(b)(1)."

It may be true that an assault with a deadly weapon usually involves great violence or the threat of great bodily harm, but it is not necessary to display "a high degree of cruelty, viciousness, and callousness" in order to commit the offense, nor does an assault with a deadly weapon necessarily "indicate[ ] a serious danger to society." These factors simply do not duplicate elements of assault with a deadly weapon, and Aparacio offers no case law suggesting otherwise.

Aparacio argues that the jury's findings cannot serve as aggravating circumstances because, "The essence of 'aggravation' relates to the effect of a particular fact in making the offense distinctively worse than the ordinary." (*People v. Moreno* (1982) 128 Cal.App.3d 103, 110.) In Aparacio's view, "None of the three aggravating factors found to be true related to any particular fact that made the offense distinctively worse than the offense itself, where . . . the information alleged that [Aparacio] did 'willfully and unlawfully commit an assault upon Ryan . . . with a deadly

8

weapon, to wit, lighter fluid [and] ignited rag.' "[6]  (Capitalization omitted.)

Aparacio errs by attempting to compare his actions to the allegations in the information, rather than to what is inherent in assault with a deadly weapon.  The correct test is "whether the manner of the crime's commission was distinctively worse 'when compared to other ways in which such a crime could be committed.' [Citations.]" (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 89.)  In other words, the question is not whether Aparacio's conduct was distinctively worse than an ordinary attempt to set a stranger on fire.  Instead, it is whether Aparacio's attempt to set Ryan on fire was worse than a typical assault with a deadly weapon.  In imposing the high-term sentence, the trial court answered that question in the affirmative.  The court's conclusion was reasonable, and there is no reason to believe Aparacio would have received a lower sentence if the court had considered only two aggravating circumstances rather than three.

---

[6] The information stated that Aparacio used an ignited rag in the attack, but Ryan testified that it was a paper bag.

9

## DISPOSITION

The judgment of the trial court is affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:


CHANEY, J.


BENDIX, Acting P. J.

10