Filed 7/24/25  P. v. Spratt CA3
(opinion on transfer from Supreme Court)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IVORY JORDAN SPRATT,<br><br>    Defendant and Appellant. | C095526<br><br>(Super. Ct. No. 19FE006377)<br><br>OPINION ON TRANSFER |

Defendant Ivory Jordan Spratt and two codefendants broke into a woman's home. When a neighbor entered the house to investigate, defendant stabbed him.  A jury found defendant guilty of first degree robbery, first degree burglary, and assault with a deadly weapon, and the trial court sentenced him to 23 years in prison.  On appeal, defendant challenged several aspects of his sentence.  In an unpublished opinion, we affirmed. (*People v. Spratt* (Feb. 8, 2023, C095526) [nonpub. opn.] (*Spratt*).)  The California Supreme Court granted defendant's petition for review and subsequently transferred the matter back to us with directions to vacate our decision and reconsider the matter in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) and *Erlinger v. United States* (2024)

1

602 U.S. 821 (*Erlinger*). Having done so, we conclude that remand for a full resentencing is required.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual Background and Jury Verdict*

A detailed recitation of facts is unnecessary to resolve this appeal. It is sufficient to say that defendant and two codefendants broke into a woman's home. The woman ran outside and told her neighbor, Richard S.,[1] that someone was in her house. Richard S. entered the woman's home with a golf club. One codefendant began to fight with Richard S. As they fought, defendant approached Richard S. from behind, punched him in the head, placed him in a chokehold, and stabbed him. After defendant and his codefendants fled, the police located one of them and found him to be in possession of the woman's purse and roughly $2,100 in cash.

A jury found defendant guilty of first degree robbery within an inhabited dwelling house (Pen. Code,[2] §§ 211, 213, subd. (a)(1)(A)); first degree residential burglary (§ 459); and assault with a deadly weapon (§ 245, subd. (a)(l)). The jury found true that defendant personally used a deadly weapon during the robbery and the burglary (§ 12022, subd. (b)(1)), and that he personally inflicted great bodily injury in the commission of all counts (§ 12022.7, subd. (a)).

B. *The Sentencing Hearing*

At sentencing, the trial court found true that defendant had previously been convicted of a prior serious felony (§ 667, subd. (a)) and that he was eligible for sentencing under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12). The court

---

[1] To protect the victim's privacy, we refer to him by his first name and last initial. (Cal. Rules of Court, rule 8.90(b)(4).) Further references to rules are to the California Rules of Court.

[2] Further undesignated section references are to the Penal Code.

denied defendant's *Romero* motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), finding defendant was "the reason the three strikes law exists," and that he fell "squarely" within its purpose.

The prosecutor requested a 23-year sentence consisting of the nine-year upper term for robbery, doubled for the strike prior, plus five years for the prior serious felony conviction enhancement (§ 667, subd. (a)). The prosecutor acknowledged that "new laws" created a presumption in favor of the low term due to defendant's age if the trial court found his youth was a contributing factor to his crime (see §§ 1170, subd. (b)(6)(B), 1016.7, subd. (b)), but asserted that the interests of justice justified imposition of the upper term. Citing a variety of reasons, including defendant's age at the time of the offense, defense counsel argued against the upper term.

The trial court explained it was "aware of the new sections related to" section 1170, subdivision (b), and was "aware that the sentence should not exceed the midterm except as otherwise provided in" section 1170, subdivision (b)(2). However, the trial court stated that "not only it would be well within [its] right, but it would actually be just to max the defendant out. I believe that. And I believe that based on the record that currently exists, I can do that . . . within the parameters of the law."

The trial court found true four aggravating circumstances: defendant's criminal record was increasingly serious (rule 4.421(b)(2)); his prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)); his crime involved great bodily harm (rule 4.421(a)(1)); and he used a weapon while committing the crime (rule 4.421(a)(2)). The trial court cited defendant's young age as the only mitigating factor, which it found "pales in comparison to how he's lived his life up to this point." The court further stated: "while I recognize that even though you could say the presumptive low term would be appropriate, it would be absolutely inappropriate to impose it given all of the circumstances this Court is aware

3

of." The court commented that it was "genuinely tempted to give [defendant] those 29 years" because doing so would protect the community.

Ultimately, the trial court concluded that "the aggravating factors far outweigh and justify deviation from either the low or the midterm," and imposed the aggregate term of 23 years as requested by the prosecution. The trial court also imposed upper-term sentences on the burglary and assault counts, three years for each great bodily injury enhancement, and one year for personal use of a deadly weapon during the burglary, but stayed execution of those sentences pursuant to section 654. The trial court imposed the statutory minimum restitution fine of $300. (§ 1202.4, subd. (b)(1).)

DISCUSSION

I

*Circumstances in Aggravation and Senate Bill No. 567*

A.     *Section 1170 as Amended by Senate Bill No. 567*

In our previous unpublished opinion, we addressed defendant's argument that the trial court erred and violated his Sixth Amendment right to a jury trial by finding circumstances in aggravation true without a jury trial waiver. Defendant's argument was premised on Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill No. 567), which went into effect one week before his sentencing hearing, and which the parties and the court alluded to at sentencing. (*Spratt, supra*, C095526.)

Subdivision (b) of section 1170, as amended by Senate Bill No. 567, provides that the trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Notwithstanding that provision, "the court may consider the defendant's prior convictions

4

in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id*., subd. (b)(3).)

B.     *Our Prior Opinion*

In our original opinion, we concluded that any failure by the trial court to adhere to section 1170 as amended by Senate Bill No. 567 was harmless under the standard for error set forth in *People v. Watson* (1956) 46 Cal.2d 818.  (*Spratt, supra*, C095526.)

We concluded that the trial court's reliance on two circumstances in aggravation *did* comply with the amended section 1170, subdivision (b)(2).  (*Spratt, supra*, C095526.) Noting that the jury found true the great bodily injury enhancement (§ 12022.7, subd. (a)), we concluded that this established that the " 'crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness' " within the meaning of rule 4.421(a)(1).  (*Spratt, supra*, C095526.)  Noting that the jury found the personal use of a deadly weapon enhancement true (§ 12022, subd. (b)(1)), we concluded that this established that " 'defendant was armed with or used a weapon' " during the crime within the meaning of rule 4.421(a)(2). (*Spratt, supra,* C095526.)

We further concluded, however, that the trial court's findings on the two remaining aggravating circumstances, that defendant's criminal record was increasingly serious (rule 4.421(b)(2)), and that his prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)), did not comport with section 1170 as amended because the trier of fact did not make those findings beyond a reasonable doubt.  (*Spratt, supra*, C095526.)

We then proceeded to address whether the trial court's error in its reliance on the rule 4.421(b)(2) and (5) circumstances in aggravation was prejudicial.  We first concluded there was no Sixth Amendment prejudice because the jury, in effect, did find that two of the four aggravating factors were true beyond a reasonable doubt.  (*Spratt, supra*, C095526.)  Next, based on the standard in *People v. Watson, supra*, 46 Cal.2d

5

818, we found that the error was harmless because it was not reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error. (*Spratt, supra*, C095526.)

C. *Supreme Court Review*, Lynch, *and* Erlinger

The California Supreme Court granted defendant's petition for review and subsequently decided *Lynch, supra*, 16 Cal.5th 730. In *Lynch*, the California Supreme Court concluded that, under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch,* at p. 768.)

Several months before *Lynch*, the United States Supreme Court decided *Erlinger, supra*, 602 U.S. 821. In *Erlinger*, the United States Supreme Court concluded that a sentencing judge may use information from "*Shepard* documents," which "include judicial records, plea agreements, and colloquies between a judge and the defendant," "for the 'limited function' of determining the fact of a prior conviction and the then-existing elements of that offense. [Citation.] '[N]o more' is allowed." (*Id*. at p. 839.) In other words, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id*. at p. 838.)

The California Supreme Court transferred this matter back to us with directions to vacate our decision and reconsider the matter in light of *Lynch* and *Erlinger*. By separate order, we vacated our prior unpublished decision.

6

D.    *The Trial Court's Findings as to Circumstances in Aggravation*

As stated, we previously determined that the trial court's findings that defendant's crimes were increasingly serious (rule 4.421(b)(2)), and that his performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)), did not comply with section 1170 as amended. (*Spratt*, *supra*, C095526.) In his supplemental brief, defendant argues that, under *Erlinger*, the trial court's findings on these circumstances in aggravation also violated the Sixth Amendment. Defendant is correct, based on the language of *Erlinger* quoted above, and as confirmed by the California Supreme Court in *People v. Wiley* (2025) 17 Cal.5th 1069. In *Wiley*, the Supreme Court agreed with the parties that, "[u]nder the principles articulated in *Erlinger*, . . . the Sixth Amendment requires a jury determination of the two aggravating facts at issue here: the 'increasing seriousness' of a defendant's prior convictions [citation] and 'unsatisfactory' 'performance on probation' [citation], before those facts can be used to justify an upper term sentence." (*Id*. at p. 1082.)[3] The People agree, as do we, that, in light of *Erlinger*, a sentencing judge may not find these circumstances in aggravation to be true. Thus, the trial court's reliance on the rule 4.421(b)(2) and (5) circumstances in aggravation was statutory error *and* violated defendant's Sixth Amendment rights.

Defendant further argues that the trial court's determination that the jury, in effect, had found the two rule 4.421(a) circumstances in aggravation to be true beyond a reasonable doubt was incorrect. Those circumstances in aggravation, again, were that the crime "involved great violence, great bodily harm, threat of great bodily harm, or other

---

[3]    In light of the California Supreme Court's decision in *Wiley*, we deny defendant's request that we take judicial notice of the Attorney General's answer brief on the merits in that case because doing so is unnecessary to our resolution of this appeal. (*City of Grass Valley v. Cohen* (2017) 17 Cal.App.5th 567, 594, fn. 13.)

acts disclosing a high degree of cruelty, viciousness, or callousness" (rule 4.421(a)(1)), and that "defendant was armed with or used a weapon" during the crime (rule 4.421(a)(2)). The trial court determined that these circumstances in aggravation were found true beyond a reasonable doubt by the jury based on the jury's true findings on the enhancement allegations that defendant personally used a deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)). According to defendant, however, true findings on the rule 4.421(a) aggravating circumstances require a "distinctively worse than ordinary" element not encompassed in the enhancements. (See *People v. Moreno* (1982) 128 Cal.App.3d 103, 110 [the "essence of 'aggravation' relates to the effect of a particular fact in making the offense distinctively worse than the ordinary"].) The People disagree, arguing that the jury's true findings on the enhancements supported these circumstances in aggravation. Ultimately, based on the applicable standard for prejudice articulated by the Supreme Court in *Lynch*, and our determination under that framework which follows, we need not resolve this disagreement.

  E. *Prejudice*

  In *Lynch*, the California Supreme Court held that "under the current statute a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch, supra*, 16 Cal.5th at p. 768.) As stated, invoking the *Chapman* standard of review (*Chapman v. California, supra*, 386 U.S. 18), the California Supreme Court instructed that, under such circumstances, the "violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true *all of the aggravating facts* relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* standard of review, the defendant is entitled to a remand for resentencing."

(*Lynch,* at p. 768, italics added.)  In other words, a defendant will be "entitled to a reversal and remand for resentencing unless, after examining the entire cause, including the evidence as to all relevant circumstances [citation], we can conclude that the omission of a jury trial was harmless beyond a reasonable doubt as to *every* aggravating fact the trial court used to justify an upper term sentence."  (*Id.* at p. 775.)

The California Supreme Court has cautioned that, " ' "[t]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court."  [Citation.]  . . .  "Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts[]" ' . . . ."  (*Lynch, supra*, 16 Cal.5th at pp. 775-776.)

With regard to whether defendant's convictions and sustained petitions in juvenile delinquency proceedings were of "increasing seriousness" (rule 4.421(b)(2)), according to the People's opposition to defendant's *Romero* motion, defendant had a prior conviction for robbery in 2015, and a sustained petition in juvenile court for robbery in 2014.  In the 2015 conviction, defendant demanded money from a woman at an ATM at knifepoint.  The woman handed defendant her purse, and defendant fled.  Upon his apprehension, law enforcement discovered defendant was wearing an ankle monitor.  In the earlier 2014 incident, defendant entered a convenience store, displayed the handle of a firearm, and demanded money.  The store clerk gave defendant money, and defendant fled.  In the present offense, defendant broke into a woman's home and choked and stabbed her neighbor after the neighbor entered the house.

Leaving aside questions concerning the competency of the evidence to prove these matters, it may be that a jury would find that defendant's crimes were of "increasing seriousness."  Only in the present incident did defendant inflict great bodily injury.  And, in the present offense, he broke into a private residence.  Conversely, a jury could find

9

the earliest offense, involving the use of a firearm in a populated convenience store, to be more serious. Or, alternatively, as defendant argues, a jury could find all three crimes, robberies committed with the use of a weapon, to be of similar seriousness. This determination implicates a somewhat vague or subjective standard and involves " ' "an imprecise quantitative or comparative evaluation of the facts," ' " making it difficult for us to conclude with confidence that a jury would have reached the same conclusion, beyond a reasonable doubt, as that reached by the trial court. (*Lynch, supra*, 16 Cal.5th at pp. 775-776.) We cannot say, beyond a reasonable doubt, that a jury would have found that defendant's "prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." (Rule 4.421(b)(2).)

With regard to whether the circumstance in aggravation that "defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory" (rule 4.421(b)(5)), defendant was wearing an ankle monitor when apprehended following his more recent prior robbery. It appears that defendant was paroled for that offense in November 2017, and he committed the present offense in April 2019. However, as defendant observes, the record has not been fully developed as to his performance on probation, mandatory supervision, postrelease community supervision, or parole between his more recent prior robbery (and his time in prison for that offense) and the present offense, including the terms of that supervision. In any event, this determination, too, rests " ' "on a somewhat vague or subjective standard," ' " making it difficult for us to conclude with confidence that a jury would have reached the same conclusion, beyond a reasonable doubt, as that reached by the trial court. (*Lynch, supra*, 16 Cal.5th at p. 775.) We cannot say, beyond a reasonable doubt, that a jury would find that defendant's performance on supervision had been "unsatisfactory." (Rule 4.421(b)(5).)

We cannot conclude that a jury would find *either* of these rule 4.421(b) circumstances in aggravation true beyond a reasonable doubt, let alone *both* of them.

10

Therefore, we must vacate defendant's sentence and remand for a full resentencing. As such, we need not decide whether the trial court properly concluded that the jury found true beyond a reasonable doubt the necessary facts to establish the circumstances in aggravation that the present crime "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" (rule 4.421(a)(1)), and that "defendant was armed with or used a weapon" during the commission of the crime (rule 4.421(a)(2)).

## II

### *Additional Contentions*

In his original briefing, defendant raised additional contentions related to sentencing. He argued that we must remand for resentencing because the trial court failed to consider that he was presumptively entitled to the low term under Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5.3). He also contended that he received ineffective assistance of counsel because his attorney did not ask the trial court to strike the five-year prior serious felony conviction enhancement. (§ 667, subd. (a).) Finally, he argued that the trial court violated his right to due process and abused its discretion by imposing a $300 restitution fine (§ 1202.4, subd. (b)(1)) without recognizing it could reduce that fine based on inability to pay. We addressed these contentions in our previous, now-vacated opinion. (*Spratt, supra*, C095526.) However, because we are remanding for a full resentencing, these issues are rendered moot. Defendant will have the opportunity to raise any relevant arguments at his resentencing.

11

DISPOSITION

The sentence is vacated, and the matter is remanded for a full resentencing. The judgment is otherwise affirmed.

_____\s_____,
Krause, J.

We concur:


_____\s_____,
Earl, P. J.


_____\s_____,

Robie, J.