Filed 12/16/20  P. v. Vigil CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B298482 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA117413 |
| AARON VIGIL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge. Affirmed in part, remanded with directions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant and appellant Aaron Vigil of mayhem, and the trial court sentenced him to the upper term. On appeal, Vigil contends the case must be remanded for resentencing because the court prejudicially erred by relying on several improper aggravating factors in imposing the upper term. We agree with Vigil and remand the case for resentencing. In all other respects, the judgment is affirmed.

# PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging Vigil with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count one)[1] and mayhem (§ 203; count two). The information alleged Vigil personally inflicted great bodily injury during the commission of both counts (§ 12022.7, subd. (a)) and personally used a deadly weapon during the commission of count two (§ 12022, subd. (b)(1)). The information also alleged Vigil sustained a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)). The trial court dismissed the great bodily injury allegation attached to count two.

The jury found Vigil guilty on both counts. The jury also found he personally inflicted great bodily injury during the commission of count one and personally used a deadly weapon in the commission of count two. In a bifurcated proceeding, Vigil admitted the prior conviction allegations.

---

1      All undesignated statutory references are to the Penal Code.

The court sentenced Vigil to an upper term of eight years for the mayhem conviction, doubled to 16 years based on the prior strike conviction. The court imposed a one-year enhancement for using a deadly weapon and a five-year enhancement for the prior serious felony conviction. The court stayed sentencing on count one under section 654. Vigil was also sentenced in case number KA117978, in which he sustained three convictions for possession of a firearm by a felon and one for possession of ammunition by a felon. For two of the possession of a firearm by a felon convictions, the court imposed consecutive 16-month terms. The court sentenced him concurrently for the remaining felon in possession of a firearm count and for the felon in possession of ammunition count. Based on both cases, the court sentenced Vigil to a total of 24 years and eight months in state prison. Vigil timely appealed.

## FACTUAL BACKGROUND

### Prosecution case

Gregory Salcido was a barber, and Vigil, who was also a barber, worked for Salcido in 2015 until Salcido fired him for stealing money from the business.

On December 8, 2017, around 8:30 a.m., Salcido was walking to work when he saw Vigil at an intersection driving a turquoise Mercedes. Vigil was "flipping [him] off." Vigil quickly pulled into the parking lot of a nearby fast food restaurant. Vigil got out of the car and ran toward Salcido. Salcido took a fighting stance to defend himself. Vigil and Salcido "danc[ed] around" each other like boxers for 30 to 60 seconds. Vigil pulled out a

knife from his waistband and thrust it toward Salcido's neck and chest. Salcido moved backward and tripped. As he was falling, he put up his left hand to protect himself. Vigil's knife penetrated and sliced Salcido's hand, which immediately starting bleeding. The injury Salcido sustained ran from the base of his pinky finger for about two inches through his palm. Salcido fell to the ground. Vigil ran back to his car and drove away. Video footage of the incident was shown to the jury at trial, and an off-duty police officer witnessed the incident.

Police and paramedics arrived at the scene and Salcido was taken to the hospital in an ambulance. Surgery was performed on his hand the following morning. The knife wound he suffered – five centimeters long – damaged nerves and tendons and fractured a bone. At the time of trial, Salcido was still experiencing pain and discomfort in his hand. The injury affected his ability to work as a barber. His left hand will never work quite as well as it did prior to the stabbing.

**Defense case**

Vigil testified Salcido tried to fight him, he told Salcido he did not want to fight, and the two men swung at but never actually touched one another. He also testified he did not have a knife during the altercation.

## DISCUSSION

Vigil argues the trial court prejudicially erred by relying on improper aggravating factors in imposing the upper term. The Attorney General agrees the court relied on at least one improper

factor, but argues remand is unwarranted because the court also relied on proper factors, and the erroneous reliance on an improper factor was harmless. We agree with Vigil.

**Background**

The aggravating factors relating to the crime that the court relied on in imposing the upper term for mayhem were: (1) the crime involved great violence and great bodily harm; (2) the victim was particularly vulnerable; and (3) the manner in which the crime was committed indicated planning, sophistication, and professionalism. The aggravating factors the court relied on relating to Vigil were: (1) he engaged in violent conduct indicating a serious danger to society; (2) his prior convictions were of increasing seriousness; and (3) he served a prior prison term. The court did not find any mitigating factors relating to the crime itself, but did find Vigil's prior performance on parole was satisfactory, and his prior felony conviction (suffered in 2000) was remote in time. The court found the factors in aggravation outweighed the factors in mitigation and imposed the upper term.

**Analysis**

"Aggravating circumstances include those listed in the sentencing rules, as well as any facts 'statutorily declared to be circumstances in aggravation' (Cal. Rules of Court, rule 4.421(c)) and any other facts that are 'reasonably related to the decision being made.' (Cal. Rules of Court, rule 4.408(a).)" (*People v. Black* (2007) 41 Cal.4th 799, 817 (*Black).*) "An aggravating

circumstance is a fact that makes the offense 'distinctively worse than the ordinary.' [Citations.]" (*Ibid.*)

Vigil argues four of the aggravating sentencing factors the trial court relied on were improper. The Attorney General contends five of the six aggravating factors the court relied on were proper. We review the trial court's sentencing decision for abuse of discretion. (See *People v. Quintanilla* (2009) 170 Cal.App.4th 406, 414.) We will discuss each of the challenged factors in turn.[2]

First, the parties agree, and we agree with the parties, that the trial court erred by using as an aggravating factor the fact that the crime involved great violence and great bodily harm. (See Cal. Rules of Court, rule 4.421(a)(1).) "[A] circumstance that is an element of the substantive offense cannot be used as a factor in aggravation. [Citations.]" (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1261-1262.) "Great bodily injury is unquestionably an element of mayhem; it is therefore improper to use that factor to aggravate the sentence for that offense. [Citations.]" (*People v. Hill* (1994) 23 Cal.App.4th 1566, 1575.)

Vigil next argues the trial court erred by relying on the victim's vulnerability as a circumstance in aggravation. (See Cal. Rules of Court, rule 4.421(a)(3).) We reject this contention. "The 'particularly vulnerable victim' factor supports imposition of the

---

2 Although Vigil's attorney did not object to the trial court's reliance on improper aggravating factors, we exercise our discretion to address the argument he has raised on appeal. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.) Because we reach the merits of Vigil's main argument, we need not address his other argument, raised in the alternative, that reversal is required because trial counsel was ineffective in failing to object.

upper term if the victim is vulnerable 'in a special or unusual degree, to an extent greater than in other cases [and is] defenseless, unguarded, unprotected, accessible, assailable . . . susceptible to the defendant's criminal act.' [Citation.]" (*People v. Clark* (1990) 50 Cal.3d 583, 638.) The trial court may consider both "the personal characteristics of the victim and the setting of the crime[.]" (*People v. Price* (1984) 151 Cal.App.3d 803, 814.) The trial court noted during sentencing that the victim was a "frail, elderly man" who had "no opportunity to defend himself" as he was walking to work alone and unarmed. Having seen the victim testify, the trial court was in a much better position than we are now to assess the victim's vulnerability. We defer to the trial court's decision to rely on the victim's vulnerability as a circumstance in aggravation.

Next, Vigil contends the trial court erred by concluding the manner in which the crime was committed indicated planning, sophistication, or professionalism. (See Cal. Rules of Court, rule 4.421(a)(8).) In our review of the record, we do not see evidence of sophistication or professionalism. The crux issue is therefore whether the record shows the crime involved a level of planning sufficient to constitute an aggravating factor. In support of the argument that the record does not show a sufficient level of planning, Vigil explains the offense was a result of a chance encounter that occurred in broad daylight at a busy intersection during Salcido's morning commute to work. The Attorney General disagrees, noting Vigil was carrying a knife, which evidenced a plan to seize an opportunity should it arise. Unfortunately it is not entirely clear from the record which side is correct on the question of what Vigil did or did not plan. From our review of the record, it appears perhaps Vigil initially

intended to commit battery. Vigil and Salcido made eye contact, and Vigil parked and ran toward Salcido. The two men circled each other for 30 to 60 seconds in a fighting stance. Only then did Vigil pull out a knife and commit mayhem. Under these circumstances, we do not see evidence of sophistication, professionalism, or a plan to commit mayhem. We therefore agree that this was an improper aggravating factor.

Vigil lastly contends the court erred by relying on the aggravating factor that he engaged in violent conduct indicating a serious danger to society. (See Cal. Rules of Court, rule 4.421(b)(1).) Specifically, Vigil argues this factor was improper because his mayhem conviction did not involve violence distinctively worse than any other ordinary act of mayhem. (See *Black*, *supra*, 41 Cal.4th at p. 817.) We are not persuaded. There was nothing erroneous about the trial court's conclusion, based on the facts of his current offense, as well as based on his prior conviction for assault with force likely to cause great bodily injury, that the potential danger Vigil posed to society was an aggravating factor.

Having concluded two of the aggravating factors the trial court relied on were improper, we now turn to the question whether the error was prejudicial. When the trial court has relied on improper aggravating factors, remand for resentencing is proper if it is reasonably probable the result would have been more favorable to the defendant without the errors. (*People v. Avalos* (1984) 37 Cal.3d 216, 233, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.) "[A]bsent unusual circumstances, the presence of a mitigating factor renders improper reliance on an aggravating factor prejudicial, since, with the improper factor eliminated, the presence of mitigation might reasonably affect

8

the balance of the trial court's judgment." (*People v. Levitt* (1984) 156 Cal.App.3d 500, 518, overruled on another ground in *People v. Johnson* (2016) 62 Cal.4th 600, 649, fn. 6.) Here, the court relied on two improper aggravating factors, but also properly relied on two mitigating factors. We therefore conclude the error here was prejudicial and remand the matter for a new sentencing hearing. We express no view concerning what sentence the court should impose on remand.

## DISPOSITION

The case is remanded for a new sentencing hearing. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.

We concur:


MANELLA, P.J.


COLLINS, J.

9