Filed 3/27/25  P. v. Russell CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DION MARZELL RUSSELL,<br><br>        Defendant and Appellant. | A169598<br><br>(Contra Costa County<br> Super. Ct. No. 5-101075-0) |

Defendant Dion Marzell Russell appeals from a resentencing in which the trial court imposed the upper terms on three convictions for an aggregate prison term of 22 years.  The parties agree the trial court erred in imposing the upper terms in violation of Penal Code[1] section 1170, subdivision (b) (section 1170(b)).  They dispute whether the error was prejudicial.  We conclude it was and, accordingly, we vacate the sentence and remand for a full resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

## I. BACKGROUND

According to evidence presented at the preliminary hearing,[2] in March 2009, Jane Doe 1, then nine years old, told police and forensic interviewers that Russell, her father, had placed his penis into her butt twice while she was sleeping in the living room.  He put his hand over her mouth to stop her from screaming.  A separate victim, Jane Doe 2, told police that in January 2008, she was in her apartment and Russell came up behind her, pulled down her pants, put his hands on her butt, and grabbed her around the neck.  He took her cell phone.  Jane Doe 2 was in her forties but described herself as being " 'slow.' "

In 2014, Russell pleaded no contest to two counts of a lewd act involving force or fear on a child under 14 years old (§ 288, subd. (b); counts four and five) and one count of residential burglary (§§ 459, 460, subd. (a); count six).  The offenses in counts four and five were committed against Jane Doe 1 and the count six offense was committed against Jane Doe 2.  Russell also admitted a one-year prison prior (§ 667.5, subd. (b)).  The trial court sentenced Russell to a total prison term of 23 years, comprised of the upper term of eight years for each lewd act conviction, the upper term of six years for the burglary conviction, and one year for the prison prior enhancement.

Later, Russell became eligible for resentencing under Senate Bill No. 483 (2021–2022 Reg. Sess.), which added section 1172.75 to the Penal Code, invalidating most prison prior enhancements imposed before January

---

[2] The preliminary hearing transcript is not part of the record.  The facts are taken from the People's resentencing brief filed in the trial court, which stated that this evidence was admitted at the preliminary hearing.  Neither party argues the facts as stated in the People's brief are inaccurate.

1, 2020. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The trial court recalled Russell's sentence and scheduled a resentencing hearing. In December 2023, Russell filed a "statement in mitigation in support of full resentencing" pursuant to section 1172.75. (Capitalization omitted.) Russell argued, as relevant here, that the trial court must strike his one-year prison prior enhancement and could not impose the upper terms under amended section 1170(b). In response, the People agreed the one-year prison prior enhancement should be stricken and requested the court to impose a total prison sentence of 22 years, comprised of the upper terms on each count.

In January 2024, the trial court conducted the resentencing hearing. The court acknowledged that because Russell entered a plea, "there was no opportunity . . . to get admissions on issues that now need admission[s]." Defense counsel argued that amended section 1170 dictated that the midterm was the maximum sentence unless certain aggravating factors were proven or admitted, and she argued the court would violate Russell's right to a jury trial if it imposed the aggravated sentence. Defense counsel also objected to consideration of evidence presented at the preliminary hearing to justify imposition of the upper terms. The prosecutor argued the trial court could impose the upper terms. According to the prosecutor, there were aggravating factors the court could consider based on the preliminary hearing transcript and the "RAP sheet," including that the victim—a nine year old—was particularly vulnerable and that Russell took advantage of a position of trust, given that it was a biological relationship.

The trial court acknowledged that under amended section 1170, it was "virtually impossible" to impose the upper term, "especially in a plea negotiation situation." The court continued, though, stating, "[W]ith respect to the imposition of the upper term, there are certain factors that are both

3

evident from the case but not an element of the crime that, in particular, the victim was particularly vulnerable and Mr. Russell was in a position of trust" that "I don't believe, can really be disputed by the defendant in that the family situation, the housing situation, all placed that victim in that particular position. That is not an element of [c]ounts [four or five]." The court concluded the mitigating factors did not outweigh the aggravating factors. The court stated, there was "reason to incorporate [Russell's] agreement to the upper term as part of the plea negotiation as an agreement that they were aggravating factors in this scenario, where the plea pre-dated the amendments," and "look[ed] at it in the context of a situation where neither side can really present additional information. [¶] So I will be imposing the upper term."

The trial court sentenced Russell to a total prison term of 22 years, comprised of the upper term of six years on the residential burglary conviction (count six)—which the court designated as the principal term—and the upper term of eight years on each lewd act conviction (counts four and five),[3] as full consecutive terms. The court struck the one-year prison prior enhancement.

## II. DISCUSSION

Russell argues the trial court committed prejudicial error by imposing the upper term sentences when the aggravating factors on which it relied

---

[3] At the time of Russell's offenses, the upper term for a violation of section 288, subdivision (b)(1) was eight years. (§ 288, former subd. (b)(1).) The upper term was increased to 10 years in 2010. (Stats. 2010, ch. 219, § 7.) Russell remains subject to penalties under the law in effect at the time he committed his offenses. (See *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1306.)

were neither admitted by him nor found true beyond a reasonable doubt by a jury in violation of section 1170(b) and the federal Constitution.

Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) amended section 1170(b) to make a middle term sentence the presumptive term and to prohibit imposition of an upper term unless circumstances in aggravation justify the upper term and the facts underlying the aggravating circumstances, other than a prior conviction, were stipulated to by the defendant or were found true beyond a reasonable doubt by the trier of fact. (§ 1170(b); Stats. 2021, ch. 731, § 1.3; *People v. Lynch* (2024) 16 Cal.5th 730, 742 (*Lynch*).)  The California Rules of Court provide a nonexhaustive list of circumstances in aggravation, which include "[t]he victim was particularly vulnerable" and "[t]he defendant took advantage of a position of trust or confidence to commit the offense."  (Cal. Rules of Court, rule 4.421(a)(3), (11).)

A criminal defendant's Sixth Amendment right to a jury trial "is triggered by section 1170(b)'s substantive requirements governing imposition of an upper term sentence."  (*Lynch, supra*, 16 Cal.5th at p. 762.)  "[T]he facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires."  (*Id*. at p. 757.)  Subject to exceptions not applicable here, a jury must find beyond a reasonable doubt "all facts actually relied on to impose an upper term" sentence under section 1170(b).  (*Lynch*, at p. 757.)  "[A] Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence."  (*Id*. at p. 768.)

Here, the People concede that the trial court erred by imposing the upper term sentences in violation of section 1170(b).  We accept the People's concession.  The two aggravating factors on which the court relied were not

5

admitted by Russell, found true by a jury, or proven by certified records of conviction. (See § 1170(b).)

The People argue, however, that the error was not prejudicial. In *Lynch*, our Supreme Court clarified the harmless error standard when a defendant's Sixth Amendment right to a jury trial is violated by the trial court's imposition of an upper term under section 1170(b). (*Lynch, supra*, 16 Cal.5th at pp. 760–761.) Such error is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18 (87 S.Ct. 824)] standard of review, the defendant is entitled to a remand for resentencing." (*Id.* at p. 768.)

Here, where Russell entered a plea, "a prejudice assessment is even more problematic, because the record generally does not contain a full presentation of evidence concerning the circumstances of the offense." (*People v. French* (2008) 43 Cal.4th 36, 54; see also *People v. Sandoval* (2007) 41 Cal.4th 825, 840 (*Sandoval*) ["a reviewing court cannot always be confident that the factual record would have been the same had aggravating circumstances been charged and tried to the jury"], superseded by statute on another ground as stated in *Lynch, supra*, 16 Cal.5th at p. 757.) We do not know whether Russell would have disputed the aggravating factors at trial or what evidence he might have offered. Moreover, the police officer testimony at the preliminary hearing contained hearsay. Neither victim testified at the preliminary hearing. Further, the record does not include the preliminary

hearing transcript, police reports, a transcript of Jane Doe 1's forensic interview, or any probation reports.

We cannot conclude beyond a reasonable doubt that a jury would have found true all of the aggravating factors relied on by the trial court to justify the upper term—the victim was particularly vulnerable and Russell took advantage of a position of trust to commit the offense. (Cal. Rules of Court, rule 4.421(a)(3), (11).) We focus on the offense committed against Jane Doe 2 (count six). Based on the transcript of the resentencing hearing, the trial court neither considered nor found any aggravating factors applicable to this count. The court briefly commented that "the victim was particularly vulnerable and Mr. Russell was in a position of trust," given "the family situation [and] the housing situation." This reasoning, however, did not pertain to count six, as the court identified those factors and explained they were "not an element of [c]ounts [four or five]." Even if we assume that the trial court imposed the upper term on count six based on the same aggravating factors as counts four and five, we cannot conclude beyond a reasonable doubt that a jury would have found them both true. Tellingly, the People make no argument that Russell took advantage of a position of trust as to Jane Doe 2. Nor could they, as there is no evidence in the record upon which a jury could make that determination, such as who Jane Doe 2 is, whether she knew Russell, or whether they had a relationship. This alone mandates a conclusion of prejudice. (See *Lynch*, *supra*, 16 Cal.5th at p. 768 [whether jury would have found true "all" aggravating facts].)

Additionally, we cannot conclude beyond a reasonable doubt that a jury would have found that Jane Doe 2 was particularly vulnerable. A police officer testified at the preliminary hearing that Jane Doe 2, who was in her forties, described herself as " 'being slow.' " Without more information, such

7

as the meaning of "slow" or the circumstances surrounding the burglary, this evidence is insufficient. (See *Sandoval*, *supra*, 41 Cal.4th at p. 842 [elderly, very young, or disabled victims indicate a "clear-cut instance" of vulnerability]; *People v. Price* (1984) 151 Cal.App.3d 803, 814 [in assessing particular vulnerability, both the victim's personal characteristics and the crime's setting may be considered]; CALCRIM No. 3226 ["[p]articularly vulnerable includes being defenseless, unguarded, unprotected, or otherwise susceptible to the defendant's criminal act to a special or unusual degree" (italics omitted)].)

Since we cannot conclude beyond a reasonable doubt that a jury would have found all aggravating factors true, the trial court could not properly rely on them to impose the upper term, and a remand for a full resentencing is warranted. (See *Lynch*, *supra*, 16 Cal.5th at p. 768 [if the reviewing court cannot determine that the error was not prejudicial, the defendant is entitled to a remand for resentencing]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) Because Russell is entitled to a full resentencing based on our conclusion as to count six, we need not address the unproven aggravating factors as they pertain to counts four and five.

## III.   DISPOSITION

The sentence is vacated and the matter is remanded to the trial court for a full resentencing.

8

LANGHORNE WILSON, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A169598
*People v. Russell*

9